IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSE SMITH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br>NANCY C. KING,<br><br>　　　　　Defendant. | CV 15-174-M-DLC-JCL<br><br>ORDER, and FINDINGS<br>AND RECOMMENDATION |

Plaintiff Jose Smith, proceeding pro se, submitted an application requesting leave to proceed in this action without paying the filing fee under 28 U.S.C. § 1915(a)(1). Upon review of Smith's affidavit, the Court finds Smith has made the showing required by section 1915(a) rendering him eligible to proceed in forma pauperis. Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Smith's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Smith's lodged complaint as of the date his in forma pauperis application was filed.

In a case where a plaintiff is granted leave to proceed in forma pauperis, the

1

Court has authority to screen the allegations and merits of the plaintiff's pleading, and to dismiss the action if the Court finds the pleading:

> (I) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition to the grounds for dismissal set forth in 28 U.S.C. § 1915(e)(2) above, the Court must consider whether it possesses jurisdiction over any particular action presented to the Court.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). The federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

Further, a pleading must set forth sufficient allegations to invoke the

jurisdiction of this Court (Fed. R. Civ. P. 8(a)(1))[1], and a plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Based on the foregoing, the Court will review the merits of Smith's pleading filed in this action.

Smith commenced this action with a pleading in which he complains about the progress of a civil lawsuit currently pending in the State of Indiana. Smith is the plaintiff in that civil action filed in the Lake Superior Court, Civil Division, Room Six, Crown Point, Indiana, captioned as *Smith v. King*, Cause No.: 45D10-1503-CT-00038.

Smith submitted a copy of an order dated December 21, 2015, issued by the presiding judge – Judge John Pera – in Smith's Indiana case. The order explains that Smith failed to appear at a pretrial conference in the case on December 17, 2015, and therefore Judge Pera set a hearing for March 22, 2016, to give Smith an opportunity to show cause for his failure to appear at the pretrial conference. The order advises Smith that the court might dismiss his case if Smith fails to appear at the show cause hearing.

Smith's pleading filed in this case asserts he believes he will not receive

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

justice in his referenced Indiana case. He states his attorney withdrew from representing him in that case, that he suffers from chronic pain and fatigue, and he believes the possible dismissal of that case is unduly coercive. Therefore, Smith requests a "change of venue" to transfer his Indiana state court case to this United States District Court due to the possible adverse direction he contends that case is going, and due to his alleged disabilities and financial hardships.

Because Smith is proceeding pro se the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Even liberally construing Smith's allegations in his pleading, the Court finds his allegations fail to state any claim on which relief could be granted. There exists no legal authority, under either decisional law or statutory law, which

4

permits this United States District Court to either accept or effect a change of venue for a civil action commenced by Smith in a state court in the State of Indiana. The Court lacks both legal authority and jurisdiction to proceed with, and adjudicate, Smith's proposed change of venue. Thus, Smith's pleading is subject to dismissal for failure to state a claim for relief and for lack of jurisdiction.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). Here, however, in view of Smith's pleading seeking an unauthorized change of venue, any amendment to the pleading would be futile and, therefore, it is unnecessary to give him an opportunity to amend his pleading. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED for failure to state a claim and for lack of jurisdiction.

DATED this 21st day of January, 2016.

Jeremiah C. Lynch
United States Magistrate Judge